# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| DIANE BEHNKEN, WALTER R. BROWN, JOE COLLETTE, BILL DOSS JR., DANIEL GRIFFIN, AND WILLARD SIMPSON, on behalf of themselves and all those similarly situated, | § § § § § § § | |
| | § | CIVIL ACTION NO. 3:13-cv-2667-D |
| Plaintiffs, | § § | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |
| | § | |
| v. | § § | |
| Luminant Mining Company LLC, | § | |
| | | |
| Defendant. | | |

**DECLARATION OF DIANE BEHNKEN IN SUPPORT OF
PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AND
§216(B) NOTICE**

I, Diane Behnken, make the following declaration subject to the penalties for perjury:

1.      My name is Diane Behnken. I am a named plaintiff in the above-numbered and -styled lawsuit.  I am fully competent to make this declaration, have personal knowledge of the following facts, and could testify to them if called upon to do so.

2.      I am a current employee of Luminant Mining Company LLC ("Luminant") and employed at the Three Oaks mine near Rockdale, Texas.

3.      I have held and been trained in numerous positions at the Three Oaks mining site. I am a non-management mining employee of Defendant.  Like all mining employees of Defendant, I am responsible for mining and production of coal in a safe and efficient manner.  I am classified by Defendant as a Spec I Loader but have also been trained as a dragline operator. During the Time Period, I primarily worked as a loader, moving and loading the coal onto waiting trucks in the pit area of the mine.  I have been paid on an hourly basis and I have been classified as non-exempt from overtime throughout the time of my employment at Luminant.

4.      Since being employed at Luminant, I have gotten to know many of my co-workers and have been able to observe their work habits, and am familiar with their duties, schedules, and compensation through conversations inside and outside the workplace.

5.      Luminant operates its Three Oaks mining facilities 24 hours per day seven days per week.  The Company requires all Spec I, Spec II, Spec III, and MES class employees such as operators, loaders, dragline operators, dozer and blade operators, Hitachi operators, BF operators, haul truck drivers, end dump drivers, water truck and pumper operators, including me, who work at the mining facilities to report to work and perform several actions for the benefit of Luminant during their assigned meal break times. For a period of time, from approximately March 2012 to March 2013 (the "Time Period"), Luminant required these workers, including me, to work a twelve-and-a-half (12.5) hour shift but only paid them, and me, for twelve (12) hours of that time.  The only employees in this group who get an actual meal break are the mechanics and electricians.

6.      During the Time Period where Luminant required these workers and me to work a twelve-and-a-half (12.5) hour shift but only paid us for twelve (12) hours of time, Luminant was not providing a *bona fide* meal break for us but was docking a half (0.5) hour of time as if we had a *bona fide* meal break.

7.      Based on my observations, during our alleged meal breaks, the mine employees (except for mechanics and electricians), including me, were required to stay on our equipment and in the mining area rather than retire to a break area or rest area.  We were required to maintain radio contact with our co-workers and supervisors at all times during our alleged meal breaks.  We were required to monitor the mine pit walls as a safety precaution at all times during our alleged meal breaks as the pit walls can cave in at any moment if not monitored.

8.      Based on my observations, the mine employees (except for mechanics and

electricians), including me, were required to stop eating and attend to our equipment immediately if there was an alarm of any sort during our alleged meal breaks.

9.      Based on my observations, the mine employees (except for mechanics and electricians), including me, were not completely relieved of our duty for the purpose of eating our meals during our alleged meal breaks.  The alleged meal breaks were used primarily for the benefit of the Defendant rather than our benefit.

10.      Based on my observations, during most, if not all, of the Time Period, the mine employees (except mechanics and electricians), including me, worked in excess of 40 hours per workweek but were not paid any overtime for the half-hour per shift that Defendant was failing to pay us. Luminant's pay practices caused the mine employees (except mechanics and electricians) including me, to lose overtime throughout the Time Period.

11.      I believe that there are numerous current and former mine employees who would join a collective action to recover unpaid overtime wages. I do not presently know the names, addresses, and telephone numbers of all of the individuals who potentially would join a collective action.   However, I believe that many mine employees with potential claims for overtime, particularly those still employed, would be concerned about retaliation by Luminant.  I believe this because all of the workers at the Three Oaks mine are good hard workers who appreciate their jobs and do not want to lose their jobs.  Those who have not already opted-in to this lawsuit may be less afraid of retaliation if they see that a federal court has approved the notice and that the notice provides written warning that retaliation is both improper and illegal under the FLSA.  My understanding is that the workers at the Three Oaks site, like me, simply want to be fairly and fully compensated for their work in accordance with the law.

**Declaration of Diane Behnken in Support of**
**Plaintiffs' Motion For Conditional Certification and §216(b) Notice**                                                                 **Page 3**

**APP 004**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed: October _11_, 2013

_Diane Behnken_
Diane Behnken

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| DIANE BEHNKEN, WALTER R. BROWN, JOE COLLETTE, BILL DOSS JR., DANIEL GRIFFIN, AND WILLARD SIMPSON, on behalf of themselves and all those similarly situated, | § § § § § § § | CIVIL ACTION NO. 3:13-cv-2667-D |
| Plaintiffs, | § § | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |
| v. | § § | |
| Luminant Mining Company LLC, | § | |
| Defendant. | | |

## DECLARATION OF WALTER R. BROWN IN SUPPORT OF PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AND §216(B) NOTICE

I, Walter R. Brown, make the following declaration subject to the penalties for perjury:

1.      My name is Walter R. Brown. I am a named plaintiff in the above-numbered and -styled lawsuit.  I am fully competent to make this declaration, have personal knowledge of the following facts, and could testify to them if called upon to do so.

2.      I am a current employee of Luminant Mining Company LLC ("Luminant") and employed at the Three Oaks mine near Rockdale, Texas.

3.      I am a non-management mining employee of Defendant.  Like all mining employees of Defendant, I am responsible for mining and production of coal in a safe and efficient manner.  I am classified by Defendant as a Spec I Dragline Operator.  During the Time Period, I worked as a Dragline Operator in the pit area of the mine.  I have been paid on an hourly basis and I have been classified as non-exempt from overtime throughout the time of my employment at Luminant.

4.      Since being employed at Luminant, I have gotten to know many of my co-

workers and have been able to observe their work habits, and am familiar with their duties, schedules, and compensation through conversations inside and outside the workplace.

5.      Luminant operates its Three Oaks mining facilities 24 hours per day in three (3) shifts.  The Company requires all Spec I, Spec II, Spec III, and MES class employees such as operators, loaders, dragline operators, dozer and blade operators, Hitachi operators, BF operators, haul truck drivers, end dump drivers, water truck and pumper operators, including me, who work at the mining facilities to report to work and perform several actions for the benefit of Luminant during their assigned meal break times. For a period of time, from approximately March 2012 to March 2013 (the "Time Period"), Luminant required these workers, including me, to work a twelve-and-a-half (12.5) hour shift but only paid them, and me, for twelve (12) hours of that time.  The only employees in this group who get an actual meal break are the mechanics and electricians.

6.       During the Time Period where Luminant required these workers and me to work a twelve-and-a-half (12.5) hour shift but only paid us for twelve (12) hours of time, Luminant was not providing a *bona fide* meal break for us but was docking a half (0.5) hour of time as if we had a *bona fide* meal break.

7.      Based on my observations, during our alleged meal breaks, the mine employees (except for mechanics and electricians), including me, were required to stay on our equipment and in the mining area rather than retire to a break area or rest area.  We were required to maintain radio contact with our co-workers and supervisors at all times during our alleged meal breaks.  We were required to monitor the mine pit walls as a safety precaution at all times during our alleged meal breaks as the pit walls can cave in at any moment if not monitored.

8.      Based on my observations, the mine employees (except for mechanics and electricians), including me, were required to stop eating and attend to our equipment

APP 007

immediately if there was an alarm of any sort during our alleged meal breaks.

9.      Based on my observations, the mine employees (except for mechanics and electricians), including me, were not completely relieved of our duty for the purpose of eating our meals during our alleged meal breaks.  The alleged meal breaks were used primarily for the benefit of the Defendant rather than our benefit.

10.     Based on my observations, during most, if not all, of the Time Period, the mine employees (except mechanics and electricians), including me, worked in excess of 40 hours per workweek but were not paid any overtime for the half-hour per shift that Defendant was failing to pay us. Luminant's pay practices caused the mine employees (except mechanics and electricians) including me, to lose overtime throughout the Time Period.

11.     I believe that there are numerous current and former mine employees who would join a collective action to recover unpaid overtime wages. I do not presently know the names, addresses, and telephone numbers of all of the individuals who potentially would join a collective action.   However, I believe that many mine employees with potential claims for overtime, particularly those still employed, would be concerned about retaliation by Luminant.  I believe this because all of the workers at the Three Oaks mine are good hard workers who appreciate their jobs and do not want to lose their jobs.  Those who have not already opted-in to this lawsuit may be less afraid of retaliation if they see that a federal court has approved the notice and that the notice provides written warning that retaliation is both improper and illegal under the FLSA.  My understanding is that the workers at the Three Oaks site, like me, simply want to be fairly and fully compensated for their work in accordance with the law.

**Declaration of Walter R. Brown in Support of**
**Plaintiffs Motion For Conditional Certification and §216(b) Notice**                                    **Page 3**

**APP 008**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed: October 15, 2013

Walter R. Brown

APP 009

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| DIANE BEHNKEN, WALTER R. BROWN, JOE COLLETTE, BILL DOSS JR., DANIEL GRIFFIN, AND WILLARD SIMPSON, on behalf of themselves and all those similarly situated, | § § § § § § § | CIVIL ACTION NO. 3:13-cv-2667-D |
| Plaintiffs, | § § | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |
| v. | § § | |
| Luminant Mining Company LLC, | § | |
| Defendant. | | |

**DECLARATION OF JOE COLLETTE IN SUPPORT OF**
**PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AND**
**§216(B) NOTICE**

I, Joe Collette, make the following declaration subject to the penalties for perjury:

1.    My name is Joe Collette. I am a named plaintiff in the above-numbered and -styled lawsuit.  I am fully competent to make this declaration, have personal knowledge of the following facts, and could testify to them if called upon to do so.

2.    I am a current employee of Luminant Mining Company LLC ("Luminant") and employed at the Three Oaks mine near Rockdale, Texas.

3.    I am a non-management mining employee of Defendant.  Like all mining employees of Defendant, I am responsible for mining and production of coal in a safe and efficient manner.  I am classified by Defendant as a Spec I Dragline Operator.  During the Time Period, I worked as a Dragline Operator in the pit area of the mine.  I have been paid on an hourly basis and I have been classified as non-exempt from overtime throughout the time of my employment at Luminant.

4.    Since being employed at Luminant, I have gotten to know many of my co-

workers and have been able to observe their work habits, and am familiar with their duties, schedules, and compensation through conversations inside and outside the workplace.

5.     Luminant operates its Three Oaks mining facilities 24 hours per day in three (3) shifts.  The Company requires all Spec I, Spec II, Spec III, and MES class employees such as operators, loaders, dragline operators, dozer and blade operators, Hitachi operators, BF operators, haul truck drivers, end dump drivers, water truck and pumper operators, including me, who work at the mining facilities to report to work and perform several actions for the benefit of Luminant during their assigned meal break times. For a period of time, from approximately March 2012 to March 2013 (the "Time Period"), Luminant required these workers, including me, to work a twelve-and-a-half (12.5) hour shift but only paid them, and me, for twelve (12) hours of that time.  The only employees in this group who get an actual meal break are the mechanics and electricians.

6.      During the Time Period where Luminant required these workers and me to work a twelve-and-a-half (12.5) hour shift but only paid us for twelve (12) hours of time, Luminant was not providing a *bona fide* meal break for us but was docking a half (0.5) hour of time as if we had a *bona fide* meal break.

7.     Based on my observations, during our alleged meal breaks, the mine employees (except for mechanics and electricians), including me, were required to stay on our equipment and in the mining area rather than retire to a break area or rest area.  We were required to maintain radio contact with our co-workers and supervisors at all times during our alleged meal breaks.  We were required to monitor the mine pit walls as a safety precaution at all times during our alleged meal breaks as the pit walls can cave in at any moment if not monitored.

8.     Based on my observations, the mine employees (except for mechanics and electricians), including me, were required to stop eating and attend to our equipment

immediately if there was an alarm of any sort during our alleged meal breaks.

9.      Based on my observations, the mine employees (except for mechanics and electricians), including me, were not completely relieved of our duty for the purpose of eating our meals during our alleged meal breaks.  The alleged meal breaks were used primarily for the benefit of the Defendant rather than our benefit.

10.      Based on my observations, during most, if not all, of the Time Period, the mine employees (except mechanics and electricians), including me, worked in excess of 40 hours per workweek but were not paid any overtime for the half-hour per shift that Defendant was failing to pay us. Luminant's pay practices caused the mine employees (except mechanics and electricians) including me, to lose overtime throughout the Time Period.

11.      I believe that there are numerous current and former mine employees who would join a collective action to recover unpaid overtime wages. I do not presently know the names, addresses, and telephone numbers of all of the individuals who potentially would join a collective action.   However, I believe that many mine employees with potential claims for overtime, particularly those still employed, would be concerned about retaliation by Luminant.  I believe this because all of the workers at the Three Oaks mine are good hard workers who appreciate their jobs and do not want to lose their jobs.  Those who have not already opted-in to this lawsuit may be less afraid of retaliation if they see that a federal court has approved the notice and that the notice provides written warning that retaliation is both improper and illegal under the FLSA.  My understanding is that the workers at the Three Oakes site, like me, simply want to be fairly and fully compensated for their work in accordance with the law.

**APP 012**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed:  October 14 2013

Joe Collette

Joe Collette

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| DIANE BEHNKEN, WALTER R. BROWN, JOE COLLETTE, BILL DOSS JR., DANIEL GRIFFIN, AND WILLARD SIMPSON, on behalf of themselves and all those similarly situated, | §<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 3:13-cv-2667-D |
| Plaintiffs, | §<br>§ | COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. § 216(b) |
| v. | §<br>§ | |
| Luminant Mining Company LLC, | § | |
| Defendant. | | |

**DECLARATION OF BILL DOSS JR. IN SUPPORT OF**
**PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AND**
**§216(B) NOTICE**

I, Bill Doss Jr., make the following declaration subject to the penalties for perjury:

1.     My name is Bill Doss Jr. I am a named plaintiff in the above-numbered and -styled lawsuit.  I am fully competent to make this declaration, have personal knowledge of the following facts, and could testify to them if called upon to do so.

2.     I am a current employee of Luminant Mining Company LLC ("Luminant") and employed at the Three Oaks mine near Rockdale, Texas.

3.     I am a non-management mining employee of Defendant.  Like all mining employees of Defendant, I am responsible for mining and production of coal in a safe and efficient manner.  I am classified by Defendant as a Spec I Dragline Operator.  During the Time Period, I worked as a Dragline Operator in the pit area of the mine.  I have been paid on an hourly basis and I have been classified as non-exempt from overtime throughout the time of my employment at Luminant.

4.     Since being employed at Luminant, I have gotten to know many of my co-

workers and have been able to observe their work habits, and am familiar with their duties, schedules, and compensation through conversations inside and outside the workplace.

5.      Luminant operates its Three Oaks mining facilities 24 hours per day in three (3) shifts.  The Company requires all Spec I, Spec II, Spec III, and MES class employees such as operators, loaders, dragline operators, dozer and blade operators, Hitachi operators, BF operators, haul truck drivers, end dump drivers, water truck and pumper operators, including me, who work at the mining facilities to report to work and perform several actions for the benefit of Luminant during their assigned meal break times. For a period of time, from approximately March 2012 to March 2013 (the "Time Period"), Luminant required these workers, including me, to work a twelve-and-a-half (12.5) hour shift but only paid them, and me, for twelve (12) hours of that time.  The only employees in this group who get an actual meal break are the mechanics and electricians.

6.       During the Time Period where Luminant required these workers and me to work a twelve-and-a-half (12.5) hour shift but only paid us for twelve (12) hours of time, Luminant was not providing a *bona fide* meal break for us but was docking a half (0.5) hour of time as if we had a *bona fide* meal break.

7.      Based on my observations, during our alleged meal breaks, the mine employees (except for mechanics and electricians), including me, were required to stay on our equipment and in the mining area rather than retire to a break area or rest area.  We were required to maintain radio contact with our co-workers and supervisors at all times during our alleged meal breaks.  We were required to monitor the mine pit walls as a safety precaution at all times during our alleged meal breaks as the pit walls can cave in at any moment if not monitored.

8.      Based on my observations, the mine employees (except for mechanics and electricians), including me, were required to stop eating and attend to our equipment

immediately if there was an alarm of any sort during our alleged meal breaks.

9.      Based on my observations, the mine employees (except for mechanics and electricians), including me, were not completely relieved of our duty for the purpose of eating our meals during our alleged meal breaks.  The alleged meal breaks were used primarily for the benefit of the Defendant rather than our benefit.

10.     Based on my observations, during most, if not all, of the Time Period, the mine employees (except mechanics and electricians), including me, worked in excess of 40 hours per workweek but were not paid any overtime for the half-hour per shift that Defendant was failing to pay us. Luminant's pay practices caused the mine employees (except mechanics and electricians) including me, to lose overtime throughout the Time Period.

11.     I believe that there are numerous current and former mine employees who would join a collective action to recover unpaid overtime wages. I do not presently know the names, addresses, and telephone numbers of all of the individuals who potentially would join a collective action.   However, I believe that many mine employees with potential claims for overtime, particularly those still employed, would be concerned about retaliation by Luminant.  I believe this because all of the workers at the Three Oaks mine are good hard workers who appreciate their jobs and do not want to lose their jobs.  Those who have not already opted-in to this lawsuit may be less afraid of retaliation if they see that a federal court has approved the notice and that the notice provides written warning that retaliation is both improper and illegal under the FLSA.  My understanding is that the workers at the Three Oaks site, like me, simply want to be fairly and fully compensated for their work in accordance with the law.

**Declaration of Bill Doss Jr. in Support of**
**Plaintiffs Motion For Conditional Certification and §216(b) Notice**                                    **Page 3**

**APP 016**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed:  October 15, 2013

Bill Doss Jr.

APP 017

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **DIANE BEHNKEN, WALTER R.** | § | |
| **BROWN, JOE COLLETTE, BILL** | § | |
| **DOSS JR., DANIEL GRIFFIN, AND** | § | |
| **WILLARD SIMPSON, on behalf of** | § | **CIVIL ACTION NO. 3:13-cv-2667-D** |
| **themselves and all those similarly** | § | |
| **situated,** | § | |
| | § | **COLLECTIVE ACTION** |
| **Plaintiffs,** | § | **PURSUANT TO 29 U.S.C. § 216(b)** |
| | § | |
| **v.** | § | |
| | § | |
| **Luminant Mining Company LLC,** | § | |
| | | |
| **Defendant.** | | |

<u>**DECLARATION OF DANIEL GRIFFIN IN SUPPORT OF
PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AND
§216(B) NOTICE**</u>

I, Daniel Griffin, make the following declaration subject to the penalties for perjury:

1.      My name is Daniel Griffin. I am a named plaintiff in the above-numbered and -styled lawsuit.  I am fully competent to make this declaration, have personal knowledge of the following facts, and could testify to them if called upon to do so.

2.      I am a current employee of Luminant Mining Company LLC ("Luminant") and employed at the Three Oaks mine near Rockdale, Texas.

3.      I am a non-management mining employee of Defendant.  Like all mining employees of Defendant, I am responsible for mining and production of coal in a safe and efficient manner.  I am classified by Defendant as a Spec I Loader.  During the Time Period, I worked as a loader in the pit area of the mine.  I have been paid on an hourly basis and I have been classified as non-exempt from overtime throughout the time of my employment at Luminant.

4.      Since being employed at Luminant, I have gotten to know many of my co-

workers and have been able to observe their work habits, and am familiar with their duties, schedules, and compensation through conversations inside and outside the workplace.

5.      Luminant operates its Three Oaks mining facilities 24 hours per day in three (3) shifts.  The Company requires all Spec I, Spec II, Spec III, and MES class employees such as operators, loaders, dragline operators, dozer and blade operators, Hitachi operators, BF operators, haul truck drivers, end dump drivers, water truck and pumper operators, including me, who work at the mining facilities to report to work and perform several actions for the benefit of Luminant during their assigned meal break times. For a period of time, from approximately March 2012 to March 2013 (the "Time Period"), Luminant required these workers, including me, to work a twelve-and-a-half (12.5) hour shift but only paid them, and me, for twelve (12) hours of that time.  The only employees in this group who get an actual meal break are the mechanics and electricians.

6.       During the Time Period where Luminant required these workers and me to work a twelve-and-a-half (12.5) hour shift but only paid us for twelve (12) hours of time, Luminant was not providing a *bona fide* meal break for us but was docking a half (0.5) hour of time as if we had a *bona fide* meal break.

7.      Based on my observations, during our alleged meal breaks, the mine employees (except for mechanics and electricians), including me, were required to stay on our equipment and in the mining area rather than retire to a break area or rest area.  We were required to maintain radio contact with our co-workers and supervisors at all times during our alleged meal breaks.  We were required to monitor the mine pit walls as a safety precaution at all times during our alleged meal breaks as the pit walls can cave in at any moment if not monitored.

8.      Based on my observations, the mine employees (except for mechanics and electricians), including me, were required to stop eating and attend to our equipment

APP 019

immediately if there was an alarm of any sort during our alleged meal breaks.

9.     Based on my observations, the mine employees (except for mechanics and electricians), including me, were not completely relieved of our duty for the purpose of eating our meals during our alleged meal breaks.  The alleged meal breaks were used primarily for the benefit of the Defendant rather than our benefit.

10.    Based on my observations, during most, if not all, of the Time Period, the mine employees (except mechanics and electricians), including me, worked in excess of 40 hours per workweek but were not paid any overtime for the half-hour per shift that Defendant was failing to pay us. Luminant's pay practices caused the mine employees (except mechanics and electricians) including me, to lose overtime throughout the Time Period.

11.    I believe that there are numerous current and former mine employees who would join a collective action to recover unpaid overtime wages. I do not presently know the names, addresses, and telephone numbers of all of the individuals who potentially would join a collective action.   However, I believe that many mine employees with potential claims for overtime, particularly those still employed, would be concerned about retaliation by Luminant.  I believe this because all of the workers at the Three Oaks mine are good hard workers who appreciate their jobs and do not want to lose their jobs.  Those who have not already opted-in to this lawsuit may be less afraid of retaliation if they see that a federal court has approved the notice and that the notice provides written warning that retaliation is both improper and illegal under the FLSA.  My understanding is that the workers at the Three Oaks site, like me, simply want to be fairly and fully compensated for their work in accordance with the law.

**Declaration of Daniel Griffin in Support of**
**Plaintiffs Motion For Conditional Certification and §216(b) Notice**                                                    **Page 3**

**APP 020**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed: October 19, 2013

Daniel Griffin

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **DIANE BEHNKEN, WALTER R. BROWN, JOE COLLETTE, BILL DOSS JR., DANIEL GRIFFIN, AND WILLARD SIMPSON, on behalf of themselves and all those similarly situated,** | § § § § § § § | **CIVIL ACTION NO. 3:13-cv-2667-D** |
| **Plaintiffs,** | § § | **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |
| **v.** | § § | |
| **Luminant Mining Company LLC,** | § | |
| **Defendant.** | | |

**DECLARATION OF JEFF KIMBREL IN SUPPORT OF
PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AND
§216(B) NOTICE**

I, Jeff Kimbrel, make the following declaration subject to the penalties for perjury:

1.     My name is Jeff Kimbrel. I am an opt-in plaintiff in the above-numbered and-styled lawsuit.  I am fully competent to make this declaration, have personal knowledge of the following facts, and could testify to them if called upon to do so.

2.     I am a current employee of Luminant Mining Company LLC ("Luminant") and employed at the Three Oaks mine near Rockdale, Texas.

3.     I am a non-management mining employee of Defendant.  Like all mining employees of Defendant, I am responsible for mining and production of coal in a safe and efficient manner.  I am classified by Defendant as a MES Class employee.  During the Time Period, I worked as a MES Class employee in the pit area of the mine.  I have been paid on an hourly basis and I have been classified as non-exempt from overtime throughout the time of my employment at Luminant.

4.     Since being employed at Luminant, I have gotten to know many of my co-

workers and have been able to observe their work habits, and am familiar with their duties, schedules, and compensation through conversations inside and outside the workplace.

5.      Luminant operates its Three Oaks mining facilities 24 hours per day in three (3) shifts.  The Company requires all Spec I, Spec II, Spec III, and MES class employees such as operators, loaders, dragline operators, dozer and blade operators, Hitachi operators, BF operators, haul truck drivers, end dump drivers, water truck and pumper operators, including me, who work at the mining facilities to report to work and perform several actions for the benefit of Luminant during their assigned meal break times. For a period of time, from approximately March 2012 to March 2013 (the "Time Period"), Luminant required these workers, including me, to work a twelve-and-a-half (12.5) hour shift but only paid them, and me, for twelve (12) hours of that time.  The only employees in this group who get an actual meal break are the mechanics and electricians.

6.       During the Time Period where Luminant required these workers and me to work a twelve-and-a-half (12.5) hour shift but only paid us for twelve (12) hours of time, Luminant was not providing a *bona fide* meal break for us but was docking a half (0.5) hour of time as if we had a *bona fide* meal break.

7.      Based on my observations, during our alleged meal breaks, the mine employees (except for mechanics and electricians), including me, were required to stay on our equipment and in the mining area rather than retire to a break area or rest area.  We were required to maintain radio contact with our co-workers and supervisors at all times during our alleged meal breaks.  We were required to monitor the mine pit walls as a safety precaution at all times during our alleged meal breaks as the pit walls can cave in at any moment if not monitored.

8.      Based on my observations, the mine employees (except for mechanics and electricians), including me, were required to stop eating and attend to our equipment

immediately if there was an alarm of any sort during our alleged meal breaks.

9.      Based on my observations, the mine employees (except for mechanics and electricians), including me, were not completely relieved of our duty for the purpose of eating our meals during our alleged meal breaks.  The alleged meal breaks were used primarily for the benefit of the Defendant rather than our benefit.

10.     Based on my observations, during most, if not all, of the Time Period, the mine employees (except mechanics and electricians), including me, worked in excess of 40 hours per workweek but were not paid any overtime for the half-hour per shift that Defendant was failing to pay us. Luminant's pay practices caused the mine employees (except mechanics and electricians) including me, to lose overtime throughout the Time Period.

11.     I believe that there are numerous current and former mine employees who would join a collective action to recover unpaid overtime wages. I do not presently know the names, addresses, and telephone numbers of all of the individuals who potentially would join a collective action.  However, I believe that many mine employees with potential claims for overtime, particularly those still employed, would be concerned about retaliation by Luminant.  I believe this because all of the workers at the Three Oaks mine are good hard workers who appreciate their jobs and do not want to lose their jobs.  Those who have not already opted-in to this lawsuit may be less afraid of retaliation if they see that a federal court has approved the notice and that the notice provides written warning that retaliation is both improper and illegal under the FLSA.  My understanding is that the workers at the Three Oaks site, like me, simply want to be fairly and fully compensated for their work in accordance with the law.

**Declaration of Jeff Kimbrel in Support of**
**Plaintiffs Motion For Conditional Certification and §216(b) Notice**                                        **Page 3**

**APP 024**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed:  October 11, 2013

Jeff Kimbrel

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **DIANE BEHNKEN, WALTER R. BROWN, JOE COLLETTE, BILL DOSS JR., DANIEL GRIFFIN, AND WILLARD SIMPSON, on behalf of themselves and all those similarly situated,** | §<br>§<br>§<br>§<br>§<br>§<br>§ | |
| | § | **CIVIL ACTION NO. 3:13-cv-2667-D** |
| **Plaintiffs,** | §<br>§<br>§ | **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |
| **v.** | §<br>§ | |
| **Luminant Mining Company LLC,** | § | |
| **Defendant.** | | |

**<u>DECLARATION OF ROBERT DORNHOEFER IN SUPPORT OF
PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AND
§216(B) NOTICE</u>**

I, Robert Dornhoefer, make the following declaration subject to the penalties for perjury:

1.      My name is Robert Dornhoefer. I am an opt-in plaintiff in the above-numbered and-styled lawsuit.  I am fully competent to make this declaration, have personal knowledge of the following facts, and could testify to them if called upon to do so.

2.      I am a current employee of Luminant Mining Company LLC ("Luminant") and employed at the Three Oaks near Rockdale, Texas.

3.      I am a non-management mining employee of Defendant.  Like all mining employees of Defendant, I am responsible for mining and production of coal in a safe and efficient manner.  I am classified by Defendant as a Spec II BF operator and work in the blending facility at the mine.  During the Time Period, I worked as a BF operator.  I have been paid on an hourly basis and I have been classified as non-exempt from overtime throughout the time of my employment at Luminant.

4.      Since being employed at Luminant, I have gotten to know many of my co-

workers and have been able to observe their work habits, and am familiar with their duties, schedules, and compensation through conversations inside and outside the workplace.

5.     Luminant operates its Three Oaks mining facilities 24 hours per day in three (3) shifts.  The Company requires all Spec I, Spec II, Spec III, and MES class employees such as operators, loaders, dragline operators, dozer and blade operators, Hitachi operators, BF operators, haul truck drivers, end dump drivers, water truck and pumper operators, including me, who work at the mining facilities to report to work and perform several actions for the benefit of Luminant during their assigned meal break times. For a period of time, from approximately March 2012 to March 2013 (the "Time Period"), Luminant required these workers, including me, to work a twelve-and-a-half (12.5) hour shift but only paid them, and me, for twelve (12) hours of that time.  The only employees in this group who get an actual meal break are the mechanics and electricians.

6.      During the Time Period where Luminant required these workers and me to work a twelve-and-a-half (12.5) hour shift but only paid us for twelve (12) hours of time, Luminant was not providing a *bona fide* meal break for us but was docking a half (0.5) hour of time as if we had a *bona fide* meal break.

7.     Based on my observations, during our alleged meal breaks, the mine employees (except for mechanics and electricians), including me, were required to stay on our equipment and in the mining area rather than retire to a break area or rest area.  We were required to continue to work the BF equipment at all times during our shift.  We do not get a real meal break and we have to constantly monitor the BF equipment.

8.     Based on my observations, the mine employees (except for mechanics and electricians), including me, were required to stop eating and attend to our equipment immediately if there was an alarm of any sort during our alleged meal breaks.

9.      Based on my observations, the mine employees (except for mechanics and electricians), including me, were not completely relieved of our duty for the purpose of eating our meals during our alleged meal breaks.  The alleged meal breaks were used primarily for the benefit of the Defendant rather than our benefit.

10.     Based on my observations, during most, if not all, of the Time Period, the mine employees (except mechanics and electricians), including me, worked in excess of 40 hours per workweek but were not paid any overtime for the half-hour per shift that Defendant was failing to pay us.  Luminant's pay practices caused the mine employees (except mechanics and electricians) including me, to lose overtime throughout the Time Period.

11.     I believe that there are numerous current and former mine employees who would join a collective action to recover unpaid overtime wages. I do not presently know the names, addresses, and telephone numbers of all of the individuals who potentially would join a collective action.  However, I believe that many mine employees with potential claims for overtime, particularly those still employed, would be concerned about retaliation by Luminant.  I believe this because all of the workers at the Three Oaks mine are good hard workers who appreciate their jobs and do not want to lose their jobs.  Those who have not already opted-in to this lawsuit may be less afraid of retaliation if they see that a federal court has approved the notice and that the notice provides written warning that retaliation is both improper and illegal under the FLSA.  My understanding is that the workers at the Three Oaks site, like me, simply want to be fairly and fully compensated for their work in accordance with the law.

**Declaration of Robert Dornhoefer in Support of**
**Plaintiffs Motion For Conditional Certification and §216(b) Notice**                                    **Page 3**

**APP 028**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed: October 14, 2013

Robert Dornhoefer

APP 029

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| DIANE BEHNKEN, WALTER R. BROWN, JOE COLLETTE, BILL DOSS JR., DANIEL GRIFFIN, AND WILLARD SIMPSON, on behalf of themselves and all those similarly situated, | § § § § § § § | CIVIL ACTION NO. 3:13-cv-2667-D |
| Plaintiffs, | § § | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |
| v. | § § § | |
| Luminant Mining Company LLC, | § | |
| Defendant. | | |

**DECLARATION OF WILLARD SIMPSON IN SUPPORT OF**
**PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AND**
**§216(B) NOTICE**

I, Willard Simpson, make the following declaration subject to the penalties for perjury:

1.      My name is Willard "Steven" Simpson. I am a named plaintiff in the above-numbered and -styled lawsuit.  I am fully competent to make this declaration, have personal knowledge of the following facts, and could testify to them if called upon to do so.

2.      I am a current employee of Luminant Mining Company LLC ("Luminant") and employed at the Three Oaks mine near Rockdale, Texas.

3.      I am a non-management mining employee of Defendant.  Like all mining employees of Defendant, I am responsible for mining and production of coal in a safe and efficient manner.  I am classified by Defendant as a Spec III Heavy Equipment Operator.  During the Time Period, I worked as a heavy equipment or "dozer" operator in the pit area of the mine. I have been paid on an hourly basis and I have been classified as non-exempt from overtime throughout the time of my employment at Luminant.

4.      Since being employed at Luminant, I have gotten to know many of my co-

workers and have been able to observe their work habits, and am familiar with their duties, schedules, and compensation through conversations inside and outside the workplace.

5.      Luminant operates its Three Oaks mining facilities 24 hours per day in three (3) shifts.  The Company requires all Spec I, Spec II, Spec III, and MES class employees such as operators, loaders, dragline operators, dozer and blade operators, Hitachi operators, BF operators, haul truck drivers, end dump drivers, water truck and pumper operators, including me, who work at the mining facilities to report to work and perform several actions for the benefit of Luminant during their assigned meal break times. For a period of time, from approximately March 2012 to March 2013 (the "Time Period"), Luminant required these workers, including me, to work a twelve-and-a-half (12.5) hour shift but only paid them, and me, for twelve (12) hours of that time.  The only employees in this group who get an actual meal break are the mechanics and electricians.

6.       During the Time Period where Luminant required these workers and me to work a twelve-and-a-half (12.5) hour shift but only paid us for twelve (12) hours of time, Luminant was not providing a *bona fide* meal break for us but was docking a half (0.5) hour of time as if we had a *bona fide* meal break.

7.      Based on my observations, during our alleged meal breaks, the mine employees (except for mechanics and electricians), including me, were required to stay on our equipment and in the mining area rather than retire to a break area or rest area.  We were required to maintain radio contact with our co-workers and supervisors at all times during our alleged meal breaks.  We were required to monitor the mine pit walls as a safety precaution at all times during our alleged meal breaks as the pit walls can cave in at any moment if not monitored.

8.      Based on my observations, the mine employees (except for mechanics and electricians), including me, were required to stop eating and attend to our equipment

immediately if there was an alarm of any sort during our alleged meal breaks.

9.      Based on my observations, the mine employees (except for mechanics and electricians), including me, were not completely relieved of our duty for the purpose of eating our meals during our alleged meal breaks.  The alleged meal breaks were used primarily for the benefit of the Defendant rather than our benefit.

10.     Based on my observations, during most, if not all, of the Time Period, the mine employees (except mechanics and electricians), including me, worked in excess of 40 hours per workweek but were not paid any overtime for the half-hour per shift that Defendant was failing to pay us.  Luminant's pay practices caused the mine employees (except mechanics and electricians) including me, to lose overtime throughout the Time Period.

11.     I believe that there are numerous current and former mine employees who would join a collective action to recover unpaid overtime wages. I do not presently know the names, addresses, and telephone numbers of all of the individuals who potentially would join a collective action.   However, I believe that many mine employees with potential claims for overtime, particularly those still employed, would be concerned about retaliation by Luminant.  I believe this because all of the workers at the Three Oaks mine are good hard workers who appreciate their jobs and do not want to lose their jobs.  Those who have not already opted-in to this lawsuit may be less afraid of retaliation if they see that a federal court has approved the notice and that the notice provides written warning that retaliation is both improper and illegal under the FLSA.  My understanding is that the workers at the Three Oaks site, like me, simply want to be fairly and fully compensated for their work in accordance with the law.

**APP 032**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed:  October 15, 2013

Willard "Steven" Simpson

APP 033

# Exhibit 2

**APP 034**

## IMPORTANT NOTIFICATION TO POTENTIAL CLASS MEMBERS

**TO:**      **ALL CURRENT AND FORMER NON-MANAGEMENT MINING EMPLOYEES (EXCEPT ELECTRICIANS AND MECHANICS) AT THE THREE OAKS MINING FACILITY NEAR ROCKDALE, TEXAS OPERATED BY DEFENDANT LUMINANT MINING COMPANY LLC WHO WERE EMPLOYED BETWEEN MARCH 1, 2012 AND MARCH 15, 2013.**

**FROM:**    **JOSEPH H. GILLESPIE**
              **– ATTORNEY AT GILLESPIE, ROZEN, & WATSKY, P.C.**

**RE:**        **RIGHT TO JOIN A LAWSUIT SEEKING RECOVERY OF UNPAID OVERTIME COMPENSATION FROM UNPAID MEAL BREAKS**

**DATE:**      November __, 2013

### 1.    PURPOSE OF NOTICE

The purpose of this notice is to inform you that a lawsuit has been filed against Luminant Mining Company LLC ("Luminant") for unpaid overtime wages and that you may be eligible to join this lawsuit. You may be able to participate in this lawsuit because you potentially are similarly situated to the individuals who initially brought the lawsuit. This notice discusses the effect that this lawsuit may have on your rights and gives instructions on how to participate should you choose to do so.

### 2.    DESCRIPTION OF THE LAWSUIT

Plaintiffs Diane Behnken, Walter R. Brown, Joe Collette, Bill Doss Jr., Daniel Griffin, and Williard Simpson filed this lawsuit against Luminant in July 2013 alleging that Luminant willfully violated the federal Fair Labor Standards Act ("FLSA") by failing to pay for alleged meal breaks and thus overtime compensation for work in excess of 40 hours in a workweek during the time period of March 2012 to March 2013. The case is currently pending in the United States District Court for the Northern District of Texas as Cause No. 3:13-cv-2667-D. Luminant denies Plaintiffs' claims and has asserted various defenses. Plaintiffs' counsel in this case are:

    Joseph H. Gillespie
    Adam S. Greenfield
    GILLESPIE, ROZEN & WATSKY, P.C.
    3402 Oak Grove Ave., Suite 200
    Dallas, Texas 75204
    Tel:  (214) 720-2009 and Fax: (214) 720-2291
    josephgillespie@grwlawfirm.com and jsanford@grwlawfirm.com

Generally, the FLSA's overtime provisions require employers to compensate an employee at the rate of one and one-half times his or her regular hourly rate for all hours worked beyond 40 hours per week, unless that employee is properly classified as "exempt" from the FLSA's overtime provisions.  The Plaintiffs in this lawsuit claim that Luminant willfully failed to pay for all hours worked, and thus all overtime hours worked, when Luminant failed to pay for alleged meal breaks from March 2012 to March 2013.  Plaintiffs seek back pay and liquidated damages for all eligible employees.  Plaintiffs also seek recovery of court costs and attorneys' fees caused by the need to bring this suit.

**3.        COMPOSITION OF THE CLASS**

Plaintiffs sue on their own behalf and also on behalf of other employees with whom they are similarly situated.  Those individuals alleged to be similarly situated are all current and former non-management mining employees (except electricians and mechanics) at the Three Oaks mining facility near Rockdale, Texas operated by Defendant Luminant who were employed between March 1, 2012 and March 15, 2013.

This Notification is meant for the purpose of determining the identity of those who wish to be involved in this case.  This Notification is also meant to provide an orderly way to determine who wishes to join this lawsuit and to prevent interference by Luminant.  This Notification is also meant to inform you that it is against the law for Luminant to retaliate against you for decision to join this lawsuit.  Your right to participate in this suit may depend upon a later decision by the United States District Court that you and the representative Plaintiff are actually "similarly situated."

**4.        YOUR RIGHT TO PARTICIPATE IN THIS SUIT**

If you fit the definition above—that is, if you are a current or former non-management mining employee (other than an electricians or mechanic) at the Three Oaks mining facility near Rockdale, Texas operated by Luminant and were employed between March 1, 2012 and March 15, 2013—you may be eligible to participate in this lawsuit.

You may file your written consent to participate in this lawsuit even if:

(a)        Luminant told you that you were ineligible to receive overtime pay or pay for alleged meal breaks;

(b)        Luminant paid you for some overtime hours worked but did not pay you for all of your alleged meal breaks; and

(c)        You did not keep records of your hours worked or unpaid meal breaks.

**5.        HOW TO PARTICIPATE IN THIS LAWSUIT**

Enclosed you will find a "Consent to Join Collective Action" form ("Consent Form").  If you choose to join this lawsuit, and thus participate in any recovery that may result from this lawsuit **it is extremely important that you read, sign, and return the Consent Form <u>within</u>**

**60 days** of the date of this notice's post mark.  **Failure to return the Consent Form within this time period will prevent you from participating in the lawsuit.**

If you have any questions about filling out or sending in the Consent Form, please contact Plaintiffs' counsel listed on page one of this notice.

**6.    NO RETALIATION PERMITTED**

It is a violation of federal law for Luminant to discharge or in any manner discriminate or retaliate against you for taking part in this case.  If you believe that you have been penalized, discriminated against or disciplined in any way due to receiving this notification, considering whether to join this lawsuit, or actually joining this lawsuit, you should contact Plaintiffs' counsel immediately.

**7.    EFFECT OF JOINING THIS SUIT**

If you choose to join in this lawsuit, you will be bound by the judgment, whether it is favorable or unfavorable. You will also be bound by, and may share in, any settlement reached on behalf of the class.  While this lawsuit is proceeding, you may be required to provide information and documents, or otherwise participate in this action.

If you submit a consent form, your continued right to participate in this action depends upon a later decision by the Court that you and the named Plaintiff are "similarly situated" according to applicable laws and that it is appropriate for this case to proceed as a collective action.

Plaintiffs' attorneys are working on a contingency fee basis, which means that if there is no recovery, they receive no attorneys' fee.  If there is a recovery, the attorneys for the class will receive a part of any settlement obtained or money judgment entered in favor of all members of the class.

If you sign and return the attached Consent Form, you are entering an agreement with Plaintiffs' counsel concerning attorneys' fees and costs and all other matters pertaining to this lawsuit.

By joining this lawsuit, you designate the representative Plaintiff(s) as your agent(s) to make decisions on your behalf concerning the litigation, the method and manner of conducting this litigation, the entry of an agreement with Plaintiffs' counsel concerning fees and costs, and all other matters pertaining to this lawsuit. These decisions and agreements made and entered into by the representative Plaintiff(s) will be binding on you if you join this lawsuit.

**8.    NO LEGAL EFFECT IN NOT JOINING THIS SUIT**

If you choose *not* to join this lawsuit, any judgment or settlement rendered in this case, whether favorable or unfavorable to the class, will not affect you.  Meanwhile, you will not be entitled to share in any amounts recovered by the class.  You will remain free to file your own

lawsuit, subject to any defenses that might be asserted.  Take note that the pendency of this suit does not stop the statute of the limitations from running as to any claims that you might have until you opt in to the case.

**9.      FURTHER INFORMATION**

Additional information about this Notification, specifically, or about the lawsuit in general, may be obtained from Plaintiffs' counsel at the address, telephone number, facsimile number, and e-mail address identified above on the first page of this Notice.


_____
Joseph H. Gillespie

# Exhibit 3

**APP 039**

## CONSENT TO JOIN WAGE AND OVERTIME LAWSUIT

**I am a current or former employee of Luminant Mining Services Company ("Defendant") at the Three Oaks Mine location(s) near Rockdale, Texas. I believe Defendant has not paid me straight time or overtime properly and I consent to join a litigation against Defendant to pay me, and those similarly situated to me, for all unpaid or underpaid compensable work I performed. I understand it is against the law for Defendant to retaliate against me for consenting to join this lawsuit and complain regarding my wage and overtime rights.**

I hereby consent to be a Plaintiff in this Fair Labor Standards Act case. I hereby consent to the bringing of any claims I may have under the Fair Labor Standards Act for unpaid straight time, overtime, liquidated damages, attorneys' fees, costs and any other relief against Defendant(s).

I authorize Gillespie, Rozen, and Watsky, P.C., to represent me in this case. By signing and returning this consent form to sue, I understand that if accepted for representation, I will be represented by the above Law Office, without prepayment of costs or attorneys' fees. I understand that if Plaintiff(s) is/are successful, costs expended on my behalf will be deducted from my settlement or judgment. I understand that the attorneys may petition the court for an award of fees and costs to be paid by Defendant on my behalf. I understand that the attorneys, as compensation for their services, will be 40% of any sum obtained or recovered for me in the settlement, adjustment, or prosecution of my claim. I hereby assign to Gillespie, Rozen, and Watsky, P.C., the portion of any such recovery as fees. Alternatively, Gillespie, Rozen, may, at their option, elect to receive payment of their fees at their usual hourly rates, subject to a multiplier, if any, from the Defendant, either through negotiation or court award. If no monetary sum or other relief is obtained on my behalf by Gillespie, Rozen, and Watsky, P.C. they shall receive nothing as a fee for the time which they have devoted to the matter.

Dated: _____

Signature: _____

Name (please print legibly): _____

Address: _____

_____

Phone: _____

Emergency contact: _____

Email (if any): _____

If any of the above contact information changes, please make sure to update Plaintiffs' attorneys with your most current contact information to facilitate any future correspondence in this matter.

**PLEASE RETURN THIS FORM WITHIN TEN (10) DAYS TO THE FOLLOWING:**

Joseph H. Gillespie
Counsel for Plaintiffs
Gillespie, Rozen & Watsky, P.C
3402 Oak Grove Ave., Suite 200
Dallas, Texas 75204
Phone: (214)720-2009
Facsimile:(214)720-2291
Email:  josephgillespie@grwlawfirm.com

APP 041