IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| DIANE BEHNKEN, WALTER R. BROWN, JOE COLLETTE, BILL DOSS JR., DANIEL GRIFFIN, AND WILLARD SIMPSON, on behalf of themselves and all those similarly situated, | § § § § § § | |
| Plaintiffs, | § | CIVIL ACTION NO. 3:13-cv-2667-D |
| v. | § § | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |
| Luminant Mining Company LLC, Defendant. | § § § | |

**PLAINTIFFS' REPLY BREIF IN SUPPORT OF MOTION FOR CONDITIONAL CERTIFICATION AND TO FACILITATE § 216(b) NOTICE**

TO THE HONORABLE SIDNEY FITZWATER:

Contrary to Defendant's response, Plaintiffs have successfully provided sufficient evidence that the potential class members are "similarly situated" under the "reasonable basis" standard applied at this early stage of the case and conditional certification and Court approved notice is appropriate. Furthermore, there are core logical fallacies within Defendant's response that warrant reply and further demonstrate the merit of not only the motion for conditional certification and notice, but also Plaintiffs' underlying overtime claim. Finally, the appendix materials submitted by both Plaintiffs and Defendant cut against Defendant, not Plaintiffs, and Luminant's declarations are replete with vague conclusory hearsay statements that are not supported by documentary evidence and have not been subjected to cross-examination. For these reasons, and as explained further below, Plaintiffs' motion for conditional certification and court-approved notice should be granted.

I. **Defendant Argues the Wrong Standard and Primarily Attacks the Underlying Merits With Inadmissible Evidence**

Luminant's response and appendix read as though Defendant seeks summary judgment – prior to any substantive discovery – rather than simply responding to a timely motion for

conditional certification and court-approved notice. The "lenient" standard plaintiffs must satisfy in a § 216(b) class case is considerably less stringent than the proof required for joinder under Federal Rule 20(a) and class certification under Federal Rule 23.[1] Likewise, determination of a motion for notice and conditional certification is not a ruling on the merits.[2] All that Plaintiffs need to demonstrate at this early stage is that "there are other employees of the … employer who [may] desire to 'opt in' and that these other employees are 'similarly situated' with respect to their job requirements and with regard to their pay provisions."[3] Plaintiffs easily meet the minimal showing required through the "substantial" and "detailed allegations" in their declarations which only require a modicum of evidentiary support.[4] Instead of this lenient standard, Luminant seeks a ruling on the merits of this case before substantive discovery has occurred[5] and also asks the Court to ignore testimony and evidence submitted by the Plaintiffs.

Luminant argues that the only uniform policy "in evidence" is the "lawful" policy regarding employees indicating on their timesheet if they believed they worked through lunch and Luminant repaying them if they did so. There are multiple problems with such an argument:

- Luminant's arguments incorrectly presuppose that the potential class members sometimes were given "*bona fide*" meal breaks when the evidence submitted by Plaintiffs is to the contrary.[6]

- Luminant argues that it had a uniform policy during the time period (which itself warrants conditional certification and demonstrates a uniform pay policy) wherein employees *understood* from management that they could ask to be paid if they believed they worked through lunch. However, Luminant provides no copy of this alleged policy within its 514 pages of appendix materials.

---

[1] *See Morgan*, 551 F.3d at 1261; *see also Mooney*, 54 F.3d 1207, 1214 (5th Cir. 1995)(applying a "fairly lenient standard" for § 216(b) determinations).

[2] *Grayson*, 79 F.3d at 1099 n.17; *Garner v. G.D. Searle Pharm.*, 802 F.Supp. 418, 423 nn. 3-4 (M.D. Ala. 1991).

[3] *Dybach*, 942 F.2d at 1567-68; *Tucker*, 872 F.Supp. at 947.

[4] *Grayson*, 79 F.3d at 1097.

[5] No depositions have occurred in this matter yet, and Defendant only responded to the first interrogatories and production requests on December 10, 2013, nearly two months after Plaintiffs moved for conditional certification.

[6] See Plaintiffs' APP 003, 7, 11, 15, 19, 23, 27, and 31.

**Plaintiffs' Reply Brief in Support of Motion for Conditional Certification and
to Facilitate § 216(b) Notice**

- Luminant's arguments incorrectly presuppose that because employees occasionally placed a mark on their time sheets for "working through lunch" that such lay employees (a) knew what a "*bona fide*" meal break was under the law and (b) such lay employees had clear communication from management that they were supposed to put down on their timesheet anytime where they were not provided a *bona fide* meal break under the law.[7]

- Luminant asks that the Court completely ignore the eight (8) declarations submitted by the named plaintiffs and potential class members which contradict the self-serving conclusory testimony submitted by Luminant's management employees and the management crafted statements of five current employees who were interviewed by Luminant's attorneys but not subject to cross-examination by Plaintiffs' counsel.

- Luminant asks that the Court make unnecessary distinctions between sub-classes of employees in order to make the employees appear dissimilar. However, the evidence shows that all employees that work in the mining facility clock in at the beginning of their shift and then clock out at the end of their shift and during the relevant time period and Luminant unilaterally subtracted (e.g. took away) a half-hour of time for lunch even if these employees were not provided a "*bona fide*" meal break.[8] Whether those employees worked a 12.5 hour shift or 8.5 hour shift is of little consequence, especially before discovery has been conducted. If discovery reveals true distinctions between sub-classes of employees and certain individuals were truly provided a *bona fide* meal break throughout the time period, a motion to decertify or motion to dismiss can easily cure such issues. Plaintiffs have met the low standard of establishing they are "similarly situated" and do not need to prove, at this stage, that they were identical.

- Luminant's argument that it operated under a lawful policy during the relevant time period is contradicted by the undisputed fact that both before and after the relevant time period, Luminant paid (and now pays) these same employees doing the same work for their entire shift without any subtraction of time for an alleged meal break. This argument by Plaintiffs is set out in Plaintiffs' motion[9] yet Luminant is silent on this critical point, which undercuts its defense.

Additionally, there are substantial evidentiary problems with Luminant's response evidence. The Luminant declarations are replete with vague and conclusory allegations. For example, company witness Curtis L. Lightle states in his declaration, "[m]anagement informed employees of this policy, and employees understood and utilized this policy when they worked

---

[7] In addition to the fact that the collective bargaining agreement does not support Luminant's arguments, Luminant cannot claim that the collective bargaining agreement somehow allows Luminant to, by contract, avoid the requirements of the FLSA regarding *bona fide* meal breaks.
[8] *Id.*
[9] See Plaintiff's Motion pp. 10-11.

**Plaintiffs' Reply Brief in Support of Motion for Conditional Certification and
to Facilitate § 216(b) Notice**                                                                                            Page 3

through a lunch break."[10] Yet there is no explanation of how or when such communication was allegedly made to employees or how this upper level supervisor knows, aside from pure speculation, the state of mind of the employees. Mr. Lightle also repeatedly testifies vaguely to situations wherein employees "could" or "may" have done something but does not state clearly that employees actually did those activities.[11] Human Resources manager Jonathan Ray Lewis claims in his declaration that, "[e]very week, Mine employees are required to fill out a time sheet noting all regular, overtime, training and non-working hours for the week. There is also a section for notes if they need to write anything for their supervisor or payroll."[12] The problem with this unsupported statement is that no company document yet produced – or attached as evidence – supports the claim that employees are required to track their "non-working" time. Furthermore, Mr. Lewis claims that the "12-Hour Shift Agreement" included terms that employees were to report when they worked through lunch, when the document does not contain any such requirement.[13] Defendant's vague and unsubstantiated declarations do not refute Plaintiffs' testimony and Plaintiffs have offered more than the modicum of evidence required to meet the lenient standard for purposes of conditional certification and notice.

## II. Plaintiffs Easily Establish Potential Class Members and Their Similarity

Luminant argues that there is insufficient evidence of additional individuals who may opt-in to this lawsuit. Some courts, however, have determined that plaintiffs do not need to present evidence that potential opt-in plaintiffs desire to opt-in.[14] Even if the requirement exists

---

[10] (Def. App. 3, ¶7)
[11] (See e.g. Def. App. 5-11, ¶s 13, 15, 19, 20, 23, 27, 29, 33, 35, and 37.)
[12] (Def. App. 14, ¶7)
[13] (Compare Def. App. 15, ¶8 to Def. App. 23-25)
[14] *Jesiek v. Fire Pros. Inc.*, 275 F.R.D. 242, 247 (W.D. Mich. 2011)("Plaintiff's failure to provide evidence that potential opt-in plaintiffs' desire to opt-in is not fatal to their motion."); *Villarreal v. St. Luke's Episcopal Hospital*, 751 F.Supp.2d 902, 915 (S.D. Tex. 2010)("The court agrees that a plaintiff need not present evidence at this stage of the third element, that aggrieved individuals actually want to opt in to the lawsuit.").

however, Plaintiffs have met it.

First, there are clearly employees who want to opt into this lawsuit. Indeed, 52 individuals have already filed opt-in forms with the Court and that is irrefutable evidence of a desire by other individuals to join this suit. Furthermore, the Plaintiffs submitted several sworn declarations stating that there are numerous employees who would join but who are concerned about retaliation by Luminant.[15] Defendant's response is silent regarding the issue of feared retaliation which Defendant must acknowledge prevents many employees from joining a litigation like this prior to Court approved notice.

The only form of evidence that Defendant offers in support of the argument that further employees may not seek to join this litigation is the declaration of one employee, David Eubanks, who claims "[w]hen the Company decided to go back to 12 hour shifts, the union asked if I wanted to remain on the lawsuit, and I told them I was taking my name off of the lawsuit."[16] Contrary to Mr. Eubank's assertion, he never filed a consent form in this case and his name has never been on this lawsuit. Furthermore, Mr. Eubanks' testimony does nothing to refute the testimony of the Plaintiffs that there are numerous other mine employees who would join this lawsuit if notice is provided. His testimony also does not clarify whether Mr. Eubank's understands his legal rights to recovery and protections from retaliation if he choses to opt-in to this litigation. A court-approved notice may cause Mr. Eubanks to seek to join this litigation once he knows his rights. Based upon the evidence, conditional certification and notice is appropriate as there are 52 opt-in employees in addition to the named plaintiffs and there is evidence that there may be more individuals who seek to join if notice is provided.

Next, Defendant argues there was not a uniform pay policy but Defendant's own

---

[15] APP 004, 8, 12, 16, 20, 24, 28, and 32.
[16] (Def. App. 493, ¶8)

**Plaintiffs' Reply Brief in Support of Motion for Conditional Certification and
to Facilitate § 216(b) Notice**     **Page 5**

declarations contradict that argument by stating, "[f]rom March 5, 2012 to March 7, 2013, Three Oaks changed to 12.5-hour shifts rather than 12 hour shifts…" and "[b]y switching to the 12.5 hour shift, management intended that employees would take a half hour non-working, un-paid lunch midway through their shifts."[17] The fact that three high-level management employees each state the same uniform policy that applied to all the mine employees for a very specific time period easily establishes that the employees were subject to a uniform pay policy and that policy's legality is in dispute in this litigation. Defendant's evidence supports Plaintiffs' motion for conditional certification.

      Finally, Defendant argues that each individual had different job duties and took different kinds of lunch breaks. Defendant essentially asks that the Court, without the benefit of discovery, ignore the many similarities between the potential class members such as: the individuals are all non-management mining employees of Defendant,[18] each has been paid on an hourly basis, each is classified as non-exempt by Defendant, during the alleged meal breaks, the mine employees (except for mechanics and electricians) were required to stay on their equipment (a disputed fact)[19] and in the mining area rather than retire to a break area or rest area (a disputed fact),[20] each was required to maintain radio contact with their co-workers and supervisors at all times during their alleged meal breaks (a disputed fact),[21] and each is required to monitor the mine pit walls as a safety precaution at all times during the alleged meal breaks as the pit walls can cave in at any moment if not monitored.[22]

---

[17] (Def. App. 2-3, ¶6, App. 15, ¶8, App. 486, ¶4)
[18] *Id*.
[19] APP 003, 7, 11, 15, 19, 23, 27, and 31.
[20] *Id*.
[21] *Id*.
[22] *Id*. This point is apparently not disputed, see Def. App. 6, ¶18, "All employees should be aware of their surroundings for their own safety, whether they are on break or not."

**Plaintiffs' Reply Brief in Support of Motion for Conditional Certification and
to Facilitate § 216(b) Notice**    Page 6

The similarities between the potential class members far outweigh the alleged differences. And it must be remembered that the standard at this stage of certification is low and merely requires similarity. Plaintiffs and the potential class members need not be identical clones of each other. Rather, the focus is on whether the employees were impacted by a common policy.[23] Here, it is undisputed that for a period of approximately one year, all of the potential class members were subjected to a uniform policy wherein Defendant unilaterally docked pay from the employees for an alleged *bona fide* meal break.

Furthermore, Luminant makes much of its argument that some of the Plaintiffs and potential class members were occasionally paid for a lunch period during the time period. That fact, even if true, does not impact the decision regarding conditional certification for two reasons. First, it would not change, in any way, the underlying dispute here as to whether or not Plaintiffs and the potential class members were provided *bona fide* meal breaks and whether these lay individuals knew what a *bona fide* meal break was in order to claim such on their time sheets. Second, if it is shown that some of the plaintiffs were paid for certain lunch periods during the time period, minor differences in the amounts payable to various class members is no reason to deny certification. Luminant essentially contends that it is entitled to an offset for amounts already paid. This is a matter of simple math. It can be "computed effortlessly, mechanically," and is therefore no bar to certification.[24]

### III. Court Approved Notice is Warranted and Appropriate

Defendant speculates that *all* potential class members who wish to have opted into this litigation have received sufficient notice through the union. Such conclusion is merely

---

[23] *Vargas v. Richardson Trident Co.*, 2010 WL 730155, at *6 (S.D. Tex. Feb. 22, 2010)(collecting cases).

[24] *See, e.g. Henry Schein v. Stromboe*, 102 S.W.3d 675, 685 (Tex. 2002)("…the mere fact that some damages may have to be computed separately for different class members does not preclude class certification…these damages may be efficiently determined through proof-of-claim forms, individual damage hearings, or other manageable means.").

**Plaintiffs' Reply Brief in Support of Motion for Conditional Certification and
to Facilitate § 216(b) Notice** Page 7

unsupported speculation. Furthermore, communications with a union are very different than Court approved notice that outlines specific procedures for opting into a litigation, the rights of the parties, and the right to be free from retaliation for joining the suit. As testified in the declarations submitted by Plaintiffs, fear of retaliation is a real concern within the plant and while many employees have already opted into the lawsuit, Luminant cannot articulate a legitimate reason to prevent Court approved notice from going to potential class members so that all individuals may have a fair and full opportunity to join this case.

**IV.     Luminant's Argument for Dismissal Is Inappropriate and Should be Denied**

Couched within its response, Luminant seeks the affirmative relief of dismissing the opt-in plaintiffs who are not listed as named plaintiffs in this case, despite the fact that almost no discovery has been completed and such dismissal may adversely impact these individuals' ability to bring timely FLSA claims for the entire damages period.

In support of its misplaced argument, Luminant relies upon a series of highly distinguishable cases. Luminant relies upon *Sandoz v. Cingular Wireless LLC*, wherein the issue on appeal was whether a Rule 68 offer of judgment to the named plaintiff mooted the potential class.[25] Unlike this case, there were no opt-in plaintiffs in *Sandoz,* there was an accepted offer of judgment by the named plaintiff, and the parties *stipulated* on appeal that no similarly situated employees had opted into the case prior to the accepted offer of judgment.[26] Next, Luminant relies upon *Mooney v. Armaco Services Co.,* which was decided at the decertification stage, not the more lenient conditional certification stage and there had been substantial discovery in *Mooney* when the decertification was ruled upon.[27] Here, there has been very little discovery and

---

[25] *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 916 (5th Cir. 2008).
[26] *Id.*
[27] *Mooney v. Armaco Services Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995).

no oral depositions. Next, Luminant relies on the unpublished Southern District case, *Detho v. Bilal*, which had no other opt-ins already on file, and merely denied *without prejudice*, the request for notice to potential class members because of a lack of evidence at that point in the case regarding other potential class members.[28] Here, by contrast, there are 52 opt-in plaintiffs in addition to the six named plaintiffs, and Plaintiffs have submitted multiple declarations regarding the remaining potential class members who would benefit from court-approved notice. Finally, Luminant relies upon *Odem v. Centex Homes*, an unreported case that Luminant's counsel handled in 2010. The facts and procedural stance of *Odem* were very different than the present case. *Odem* was a misclassification case requiring a detailed analysis of the job duties of each allegedly misclassified group of employees, not simply an unpaid overtime case like this case wherein job duties will have little to do with the relief requested.[29] Furthermore, and perhaps most importantly, the ruling adverse to Odem was done after "extensive" discovery, whereas in this case there has been very little discovery and no depositions.[30] Luminant's reliance on these highly dissimilar cases, especially at this very early stage of this case is misplaced. The standard for conditional certification and notice is minimal, and Plaintiffs have presented more than sufficient evidence to meet the standard.

## V. Plaintiffs' Proposed Notice and Consent Forms Are Appropriate[31]

Luminant objects to Plaintiffs' proposed notice and consent forms on several grounds. Defendant argues the documents should contain statements that if individuals join this litigation they are subject to being liable for Luminant's costs and attorneys' fees. Such a statement would unnecessarily deter potential opt-ins because it fails to accurately apprise them that costs would

---

[28] *Detho v. Bilal*, 2008 WL 1730542, *1, (S.D. Tex. April 10, 2008).
[29] *Odem v. Centex Homes*, 2010 WL 424216, *3 (N.D. Tex. Feb. 4, 2010).
[30] *Id.* at *1.
[31] Plaintiffs' counsel requests that his firm name and contact information be updated within the forms.

be dispersed among a large class, if at all, and attorneys fees would only be awarded in the rare event that the case was determined to be frivolous. Luminant's requested statement would only serve to deter potential class members and Plaintiffs object to the inclusion of such language in the notice and consent forms.

Luminant argues that the notice should state that individuals joining "may be required to be deposed or testify in court." While Plaintiffs do not believe the entire class should be subjected to full discovery and depositions in this matter, Plaintiffs do not object to the insertion of the quoted language above.

Luminant argues that the notice requires a statement saying individuals cannot recover for lunch periods in which they were already paid. However, this statement is already included in the statements as it is clear that this litigation seeks "unpaid" time.

Luminant further objects that the notices should not go to Plaintiffs' counsel and that Defendant's counsel should be listed in the notice. It would be highly inappropriate to include contact information for Luminant's counsel as part of the notice.[32] Indeed, any contact with potential class members once conditional certification has been granted is problematic at best[33] and typically, class counsel is responsible for distributing the notice.[34] Accordingly, Plaintiffs' proposed notice should be approved for service by Plaintiffs' counsel with such amendments as noted above and which the Court may find necessary or appropriate.

---

[32] *See, Kelly v. Bluegreen Corp.*, 2009 WL 425809 (W.D. Wis. Feb. 2007); *Gambo v. Lucent Tech., Inc.*, 2005 WL 3542485 (N.D. Ill. Dec. 22, 2005)(finding that there was no "law or logic" supporting defense counsel's request to include their contact information).

[33] *See* Texas Rules of Professional Conduct, Rule 4.02 (2013); *see also Bowens v. Atlantic Maint. Corp.*, 546 F. Supp. 2d 55, 90 (E.D.N.Y. 2008)(finding that defendant's post-certification communications with potential opt-in class members without providing notice to plaintiffs' counsel would be improper).

[34] *See e.g. Vogt v. Texas Instruments, Inc.*, 2006 WL 4660134, U.S. Dist. LEXIS 67226 (N.D. Tex. Sept. 19, 2006); *Alba v. Loncar*, 2004 WL 1144052 (N.D. Tex. May 20, 2004); *De La Rosa Ortiz v. Rain King, Inc.*, 2003 WL 23741409 (S.D. Tex. Mar. 10, 2003); *Rivera v. The Brickman Group, Ltd.,* Civil Action No. 05-1518 (E.D. Tex Mar. 10, 2006)(allowing plaintiffs' counsel to mail notices and phone potential class members).

Date:   December 20, 2013	Respectfully submitted,

                                      By:  */s/ Joseph H. Gillespie*
                                      Joseph H. Gillespie
                                      Texas State Bar No. 24036636
                                      joe@gillespiesanford.com

                                      GILLESPIE SANFORD LLP
                                      4925 Greenville Ave.
                                      Suite 200
                                      Dallas, Texas 75206
                                      214-800-5114 – Telephone
                                      214-838-0001 – Facsimile
                                      www.gillespiesanford.com

                                      ATTORNEYS FOR THE PLAINTIFFS


<u>**CERTIFICATE OF SERVICE**</u>

       The undersigned certifies that on Friday, December 20, 2013, he electronically submitted the foregoing document and its attachments to the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the court.  The electronic case files system sent a "Notice of Electronic Filing" to all counsel of record.

                                        */s/ Joseph H. Gillespie*
                                            One of Plaintiff's Counsel